IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN PAUL CARTER                                                          PLAINTIFF

v.                                          Case No. 6:24-cv-6052

SHERIFF MCCORMICK
(Garland County, Arkansas);
CHIEF DEPUTY ELROD
(Garland County Detention Center;
CAPTAIN COSGROVE
(Garland County Detention Center; and
FOOD DIRECTOR J HUNDHAUSEN
(Summit Corp)                                                           DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on November 3, 2025, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. ECF No. 66. Judge Comstock recommends that the Motion for Summary Judgment filed by Separate Defendants Captain Cosgrove, Sheriff McCormick, and Chief Deputy Elrod (ECF No. 46) be granted. Judge Comstock further recommends that the Motion for Summary Judgment filed by Separate Defendant Food Director Hundhausen (ECF No. 49) be granted. Plaintiff has responded with objections. ECF No. 67. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff, representing himself in this matter, initiated this civil rights action pursuant to 42 U.S.C. § 1983. At all times relevant to Plaintiff's claim, he was a pretrial detainee at the Garland County Detention Center. Plaintiff alleges that, on March 14, 2024, he was eating his evening meal when he noticed something prickly and spit it out. Plaintiff claims that the prickly object was a castor bean, and that it gave him diarrhea. According to Plaintiff, Defendants were

aware that castor beans had previously been found in the food.  Plaintiff alleges a single claim of unconstitutional conditions of confinement regarding adequate meals.  Plaintiff sues Defendants in their official and individual capacities.

Judge Comstock found that Defendants were entitled to summary judgment on Plaintiff's claim and recommended dismissal of Plaintiff's Amended Complaint.  ECF No. 6.  Plaintiff objects.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III. DISCUSSION

As a pretrial detainee, the Court analyzes Plaintiff's conditions of confinement claim under the Fourteenth Amendment's due process clause. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 536 (1979). "Due process requires that a pretrial detainee not be punished." *Bell*, 441 U.S. at 536. "In analyzing whether a condition of confinement is punitive, courts 'decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.'" *Karsjens v. Lourey*, 988 F.3d 1047, 1052 (quoting *Bell*, 441 U.S. at 538).

The Court notes that "not every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). "There is a *de minimis* level of imposition with which the Constitution is not concerned." *Id.*

Judge Comstock found that Plaintiff's short bout of diarrhea allegedly caused by the castor bean found in his food was at the *de minimis* level of imposition. Further, Judge Comstock noted that the summary judgment record contains no evidence that would support an inference that any Defendant intentionally acted to punish Plaintiff by poisoning his food. In fact, Judge Comstock found that the summary judgment record is silent as to any personal involvement by any Defendant in placing the castor bean in Plaintiff's food.

In his objections, Plaintiff points out that he put in a sick call because of the diarrhea, which he states is "medical evidence" that he got sick after [he] ate the beans." ECF No. 67. The record reflects that Plaintiff was given anti-diarrheal medication on March 15, 2024, that helped his diarrhea to some extent. Plaintiff bolsters this statement in his objections by declaring that the medication "work[ed]." ECF No. 67. Plaintiff's medical records indicate that he refused anti-diarrheal medication on March 16 and March 17, 2024, which infers that Plaintiff's condition had improved.

Plaintiff admits in his objections that "Defendant Hundhausen [did not] serve[] contaminated food to punish anyone" but further states that "she was not doing her job by overseeing the inmates cooking." ECF No. 67. Plaintiff does not address the fact that the summary judgment record contains no evidence that would support a finding that any Defendant was personally involved in placing a castor bean in Plaintiff's food.

The Court agrees with Judge Comstock that Plaintiff's short bout of diarrhea allegedly caused by the castor bean found in his food was at the *de minimis* level of imposition and that Plaintiff has offered no evidence that would support an inference that any Defendant intentionally acted to punish Plaintiff by poisoning his food. Accordingly, the Court finds that there are no genuine issues of material fact in dispute and that Defendants are entitled to judgment as a matter of law.

### IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff has offered neither law nor fact which would cause the Court to deviate from Judge Comstock's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 67) and **ADOPTS** the Report and Recommendation (ECF No. 66) *in toto*. The Motions for Summary Judgment (ECF Nos. 46, 49) are **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 23rd day of March, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

4